### TRAMMELL v. TRAMMELL.

### No. 11618.

Court of Civil Appeals of Texas.
San Antonio.

July 31, 1946.

Rehearing Denied Sept. 4, 1946.

William H. Shireman, of Corpus Christi, for appellant.

L. L. Gragg, of Corpus Christi, for appellee.

SMITH, Chief Justice.

This suit was brought by Mary Molter-Trammell against Roy Trammell to dissolve, by divorce, the common law marriage alleged by Mary Molter Trammell to have been consummated between them, on August 31, 1932, and continued for a period of thirteen years, and for a division of an alleged community estate. From a judgment decreeing the divorce prayed for and a division of community property, Roy Trammell has appealed. The cause was submitted to a jury upon special issues, which the jury resolved in favor of Mary Molter Trammell. This judgment followed.

In points 1 and 2, appellant in effect questions the sufficiency of the evidence to support the verdict of the jury. We overrule these points, for reasons hereinafter set out.

In his third point appellant urges the position that there was lack of sufficient evidence, and of any evidence, to establish that the alleged agreement between the parties to enter into a common law marriage was made presently effective at the time. We have carefully analyzed the testimony upon which to test this point and have reached the general conclusion that a fair appraisal of the evidence does not support appellant's third point. The testimony of appellee was clear, full and posi-

tive. She testified that on the date of the alleged agreement she and appellant rode in his car out to the North Beach in Corpus Christi, and parked the car and had a long conversation about their future with reference to each other; that he proposed and she agreed that in order to conserve and combine their incomes, and avoid complicating and jeopardizing his position as a city fireman, they should become husband and wife according to the common law, and some day in the future confirm the relation by a legal ceremony. But the clear effect of appellee's testimony was that the relation should become effective immediately, and in confirmation thereof they repaired to her home in which appellant was already at least a part time resident, and thenceforward the parties occupied the same room and bed, thereby completing the relation by cohabitation. According to appellee this relation continued without interruption for some thirteen years when appellant, without so much as a by-your-leave, left appellee and married and began living with another woman. This breaking up of the alleged marital relation between appellant and appellee was soon followed by this suit of appellee for divorce. In the meantime both parties had accumulated some property and money and appellee prayed for an equal division of these assets and was awarded judgment accordingly. The testimony we have set out in general terms was reiterated over and over again and in many shades during the trial. It was supported by strong testimony from various sources apparently acquainted with the true facts to the effect that the common law marriage was generally known and recognized in Corpus Christi, and that the parties consistently held themselves out as being man and wife during the thirteen years of its duration. If that testimony is to be believed, and the jury did believe it, then it was amply sufficient to sustain the jury's finding of the existence of a common law marriage, as properly defined by the trial judge in his charge to the jury. Appellant denied the existence of the common law marriage and the evidence introduced by appellee to support this relation, but it was wholly within the province of the jury to weigh and measure the testimony from such source and decide the issue of fact raised thereby. The jury exercised that duty and privilege and there is nothing in the record to justify this Court in setting aside their verdict.

In his fourth point appellant makes the contention that the trial judge should have charged the jury, but did not so charge them, that to accomplish a common law marriage the parties must have not only agreed to become man and wife, but should go further and stipulate that such agreement should become operative in the present, or instanter. Appellant contends that the question of whether the agreement was to become immediately effective was raised by the evidence in the case; that appellee testified that in connection with the agreement to become man and wife, the parties further agreed that since a ceremonial marriage could not be then had they would bide their time and some day in the future, when conditions justified it, they would have the relation solemnized in legal form. Appellant contends that such stipulation amounted to a postponement of the effective date of the agreement to become man and wife. We overrule this contention. The fact of a common law marriage must depend entirely upon the testimony of appellee, and the whole effect of her testimony, if believed at all, as it was believed by the jury, was to establish a common law marriage effective from the day it was agreed upon. The fact that the parties were to live together as husband and wife in accordance with their agreement to do so, and at some time in the future, when their affairs made it feasible or practical they would solemnize their relation by engaging in a lawful ceremony, cannot be construed into a modification of the marriage agreement, rendering it void and condemning them to a life of unlicensed sin. We overrule appellant's fourth point.

In his fifth point appellant complains that the evidence did not warrant the action of the trial judge in submitting the issue of an implied agreement of the parties to live together as man and wife, in addition to the issue of an express

agreement to the same effect. The point is without merit. There was no evidence in the case to support the submission of an issue of implied agreement. Testimony in support of the agreement between the parties to live together as man and wife was confined solely to an express agreement. The jury resolved that issue in favor of appellee and there being ample evidence to support that finding it should not be disturbed on appeal.

We come to appellant's sixth point. Upon the trial appellant called as a witness one Gilbert, secretary of the local fire department, appellant's employer. As stated in appellant's brief, "The witness testified that one of his duties was to determine the amount of deductions for the purpose of Federal withholding tax; he further testified that he had in his office records and statements by the various members of the fire department as to dependents and deductions." At this point appellee objected "to that unless the plaintiff was there; it is a self-serving declaration, whatever Mr. Trammel (appellant) said." Ensued the following colloquy between counsel for appellant and the trial judge:

"The Court: Do you think that is admissible, Mr. Shireman (attorney for appellant)?

"Mr. Shireman: My opinion, Your Honor, is that it·is a self-serving declaration, but it is a statement which would have affected him adversely.

"The Court: A statement against interest?

"Mr. Shireman: Would be a statement against interest, and it wouldn't be subject to the objection that he went out and made a self-serving declaration.

"The Court: If that is the situation I am inclined to exclude it, because I doubt on that ground it is admissible.

"Mr. Shireman: Also, I might say the statement was made at a time, some year or two or three years before any litigation arose, and wouldn't have been made with the idea of this lawsuit in mind. ·

"The Court: I doubt if it is admissible, I am inclined to think it is not.

"Mr. Shireman: I would like to make the bill, if Your Honor please."

Thereupon the jury was retired and appellant examined the witness for the purpose of the bills of exceptions.

 The resulting bill of exceptions is not so coherent and does not aim at so particular a point, or definitely point out such specific error, as to properly invoke decision of this Court upon appellant's sixth point, which, accordingly, is overruled.

The judgment is affirmed.